CLEMENS *v.* SOUTHWESTERN BELL TELEPHONE CO.

Opinion delivered April 22, 1918.

TELEPHONE COMPANIES—DISCRIMINATION—PENALTY—EQUAL SERVICE—DISCONTINUANCE OF DISCRIMINATION.—Under Kirby's Digest, § 7948, as amended by Act 95, Laws of 1913, if a telephone company fail or refuse, after ten days' written notice to supply an applicant with the same telephone connections and facilities as other subscribers alike situated, it must pay a penalty, named in the statute, to the applicant, as long as it shall so fail or refuse to render service; but no penalty accrues where the telephone discontinues any discrimination before the expiration of the ten days' notice.

Appeal from Hempstead Circuit Court; *Geo. R. Haynie,* Judge; affirmed.

*U. A. Gentry,* for appellant.

1. A clear case of discrimination under the statute was made. It was error to direct a verdict for appellee. While the statute is penal and strictly construed, yet the intention is clear, and the words, context, etc., should be, considered in their ordinary and popular signification and such construction adopted as will effectuate the intention of the Legislature. The statute is also remedial, and the language should not be unduly narrowed. 102 Ark. 205; 93 *Id.* 45; 5 Wheaton, 76; 6 Wall. 385; 131 Ark. 227; 81. Ark. 486.

*J. D. Frank* and *Walter J. Terry,* for appellee.

1. The court below properly construed the act and directed a verdict. The discrimination was corrected within the ten days after notice, and no liability was incurred. The judgment is right. Acts 1913, p. 346; 107 Ark. 611; 95 Miss. 749; 24 L. R. A. (N. S.) 503; 192 Fed. 200; 103 Ark. 564; 81 *Id.* 486. The act is clear and unambiguous and was properly construed by the court.

HUMPHREYS, J. Appellant instituted suit against appellee in the Hempstead Circuit Court to recover $170 in penalties for an alleged discrimination in failing and refusing to furnish telephone servce for a period of fourteen days to him, as provided by section 1 of act 95, Act 1913, being an amendatory act of section 7948, Kirby's Digest.

Appellee filed a demurrer which was overruled, and then filed an answer, denying the material allegations of the complaint.

The cause was submitted to the jury upon the pleadings and evidence, and the jury returned a verdict in favor of appellee under a peremptory instruction of the court. A judgment was rendered in accordance with the verdict, from which an appeal has been prosecuted to this court.

The facts in substance are as follows: Appellant, a practicing physician, moved to Fulton, Arkansas, the

early part of December, 1916.    A telephone exchange was being operated by appellee in the town of Fulton in the daytime.   Some years prior to this time, a Doctor Weaver and other parties residing in the country built a rural line, numbered 15, leading into Fulton, which telephone line was used by the parties on it for the purpose of communicating with people in the town during the daytime through the use of appellee's switchboard.    When the operator closed the office at night, Doctor Weaver's phone was connected with the rural line, so people on the line could phone him at night.    Doctor Weaver died and Doctor McKinney bought the interest in the line from Doctor Weaver's widow and thereafter the operator connected his phone at night with the rural line.    In the latter part of December, after moving to Fulton, appellant discovered that Doctor McKinney was getting night service, and he gave testimony to the effect that he complained to W. C. Hart, appellee's manager, about the discrimination in service, and offered to tap the rural line and run a line to his house and furnish his own phone and to pay the monthly rental thereon so that he might be called at night by any one residing on the line who desired his services; that the company declined to permit appellant to tap the line.  His evidence was contradicted by W. C. Hart, who testified that no such conversation took place between them until after he received written notice from Doctor Clemens in May.

On the first day of May, 1917, appellant mailed the following written notice, or letter, to appellee:

"Fulton, Arkansas, April 20, 1917.

"Mr. Hart, Manager Southwestern Tel. & Tel. Co., Hope, Arkansas:

"Dear Sir:   Being a subscriber on the Fulton exchange of your company and owing to the nature of my profession and owing to the fact that I greatly need the use of the rural lines at all hours of the day and night, you will please instruct the operator at Fulton to leave my telephone No. 53 connected with rural line No. 15 at

all hours when she is not at the board to give this connection.

"This demand is made for the reason that I have clients on this line who can not reach me during the closed hours of the office.

"I will gladly pay any extra charges which may accrue from this extra service provided of course that it is reasonable.

"Thanking you very kindly for your attention to this matter, I beg to remain,

"Yours very truly,

"(Signed)  Jas. P. Clemens, M. D."

It was impractical to connect the phone of each doctor at the same time with line No. 15, through the switchboard, and the company, for reasons best known to itself, declined to permit appellant to tap the rural line. Within ten days after receiving the written notice aforesaid, appellee instructed its operator not to connect rural line No. 15 with Doctor McKinney's telephone when it closed its office at nights, and the alleged discrimination did not occur thereafter.

The trial court instructed the verdict upon the theory that no penalty could be recovered from the company if the discrimination was discontinued within ten days after written notice was given to appellee. The correctness of the construction placed upon the statute in question by the court is challenged by this appeal.

Appellant concedes he can not recover the $5 per day penalty, because under the plain language of the statute the per diem penalty is recoverable only after the expiration of ten days' written notice. This concession is based upon the fact that the undisputed proof shows that appellee ceased to connect Doctor McKinney's phone with rural line No. 15 at nights upon the expiration of the written notice given appellee by appellant. Appellant insists, however, that the $100 penalty provided in the statute applies if there was any discrimination, irrespective of whether notice was given, and, for that reason, the

question of whether there was discrimination, under the facts in the case, should have been submitted to the jury. This suit is based upon section 1 of act 95, Acts 1913, amending section 7948 of Kirby's Digest. Section 1 of said amendatory act is as follows:

"That section 7948, Kirby's Digest, be amended so as to read as follows:

"Section 7948. Every telephone company doing business in this State and engaged in a general telephone business shall supply all applicants for telephone connection and facilities without discrimination or partiality, within ten days after written demand therefor; provided, such applicants comply or offer to comply with the reasonable regulations of the company, and no such company shall impose any condition or restriction upon any such applicant that are not imposed impartially upon all persons or companies in like situations; nor shall such company discriminate against any individual or company engaged in lawful business, by requiring as condition for furnishing such facilities that they shall not be used in the business of the applicant, or otherwise, under a penalty of one hundred dollars, and five dollars per day for each day from the expiration of said notice until said demand is complied with or suit is instituted for penalty for failure to comply with said demand, for such discrimination, after compliance or offer to comply with the reasonable regulations of such company and the time to furnish the same has elapsed, to be recovered by the applicant whose application is so neglected or refused. And any person denied such telephone facilities shall also have the right to proceed by mandamus or other proper remedy to enforce the furnishing of same and the courts shall hear such applications either in vacation or in term time and make such temporary orders relative to the furnishing of such facilities as the facts may justify, and may enforce compliance therewith, until such orders are vacated by order of the court or the judge at chambers, or such suit is finally determined."

We think the statutes susceptible of only one construction, which is, that if a telephone company operating in Arkansas shall fail or refuse, after ten days' written notice, to supply an applicant on reasonable regulations with the same telephone connections and facilities as other subscribers alike situated, it shall pay to the applicant a penalty of $100 and $5 per day as long as it shall so fail or refuse. The language of the act is so plain and direct that it does not admit of any other interpretation. The purpose and intent of the act was to impose a penalty for any character of discrimination by telephone companies between subscribers situated alike after ten days' written notice. The undisputed evidence shows that the discrimination complained of was corrected in the only manner it could be corrected within ten days after written notice by appellant. The interpretation placed upon the act by the trial court was correct, and, under the undisputed facts it became the trial court's duty to direct a verdict.

The judgment is therefore affirmed.